## AFFIDAVIT

John P. Christensen, being duly sworn, states:

1. I am a Special Agent with the Department of Justice Bureau of Alcohol, Tobacco, Firearms, and Explosives. I have been employed as a Special Agent since September 2020. I am presently assigned to the Boston Office of the Bureau of Alcohol, Tobacco, Firearms, and Explosives. Prior to my current position I was employed as a patrol officer in the City of New York Police Department.

2. This affidavit is submitted in support of a criminal complaint charging Rahiym Mervin ("Mervin") with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §922(g), and with possessing with intent to distribute fentanyl, heroin, and cocaine, in violation of 21 U.S.C. §841(a).

3. This affidavit summarizes an investigation into Mervin's criminal activities which was initiated on or about December 15, 2021. Since this affidavit is being submitted for the limited purpose of establishing probable cause to conclude that Mervin committed violations of 18 U.S.C. §922(g) and 21 U.S.C. §841(a), I have not included each and every fact known to me concerning this investigation. The forgoing facts are based on my personal participation in this investigation and my review of reports provided to me by other agents and employees of the ATF, the Boston Police Department, and the Massachusetts State Police.

4. At approximately 6:48 pm on Wednesday December 15, 2021, Boston Police officers and a Massachusetts State Trooper on patrol in Dorchester observed a grey Jeep Compass bearing Florida license plate JBIT08 travelling in excess of the speed limit on Columbia Road towards Blue Hill Avenue. The windows in the car appeared to be tinted in excess of that permitted by law.

5. Officers followed the vehicle and were able to catch up to it at the intersection of Blue Hill Avenue and Wales Street. At that point, officers activated their emergency lights and siren to pull the vehicle over. The vehicle did not immediately stop. Instead it travelled for another 30 seconds to the area of approximately 849 Blue Hill Avenue and then pulled over.

6. As officers approached the car, they observed the driver, Rahiym Mervin, reaching behind his seat with his right hand to the floor immediately behind the driver's seat. Mervin was the only person present in the car. Officers immediately instructed him to stop reaching. Moments later, when officers were able to see inside the passenger compartment from both sides of the vehicle, officers observed a large-capacity handgun magazine in the cupholder in the center console next to Mervin. A screen shot from a body camera worn by one officer reveals the location of the magazine:



7. Officers then removed the defendant from the car and restrained him to ensure officer safety. As Mervin was being taken from the car, officers observed a black plastic bag in the area behind the driver's seat (where the defendant had been reaching as officers approached the car). Officers discovered in that black plastic bag a significant quantity of what appeared to be heroin, cocaine, and fentanyl.

8. Officers searched the interior of the vehicle as well as the surrounding street area for the firearm associated with the magazine recovered from the cupholder. Officers located the firearm and a second cache of narcotics in a hide in the dashboard of the car behind the

climate control panel. A screen shot from an officer's body camera reveals the location where the gun and additional narcotics were discovered:



9. The firearm recovered was black 9mm handgun: a Sarsilmaz SAR9 9x19 with serial number T1102-21BV63893. The firearm had one round of 9mm ammunition in the chamber and an additional 16 rounds of 9mm ammunition in a high-capacity magazine in the gun. The magazine recovered from the cupholder was also a high-capacity magazine containing an additional 17 rounds of 9mm ammunition.

10. The firearm and ammunition have been examined for purposes of an interstate nexus determination. All Sarsilmaz firearms are manufactured in the Republic of Turkey. As such, the firearm in this case traveled in foreign commerce. The ammunition recovered from the firearm is Winchester Luger 9mm ammunition manufactured by the Olin Corporation. Likewise, the ammunition recovered from the magazine in the cupholder is the same as that found in the firearm. Winchester Luger 9mm ammunition is manufactured in East Alton, Illinois or Oxford, Mississippi. As such, it travelled in interstate commerce before its recovery in this matter.

11. The Sarsilmaz SAR9 9x19 handgun with serial number T1102-21BV63893 has been inspected by law enforcement officers and it falls within the definition of a firearm at 18 U.S.C. §921(a)(3), as it is designed to or may readily be converted to expel a projectile by the

action of an explosive, and includes the frame or receiver of any such weapon. Likewise the ammunition has been inspected by law enforcement officers and it falls within the definition of ammunition at 18 U.S.C. §921(a)(17)(A), as it includes cartridge cases and bullets designed for use in any firearm.

12. With regard to the narcotics recovered from the black plastic bag found on the floor behind the driver's seat, officers found one bag weighing approximately 79 grams containing a substance which field-tested positive for heroin, a second bag weighing approximately 119 grams containing a substance which field-tested positive for cocaine, a third bag weighing approximately 21 grams containing a substance which field-tested positive for cocaine, and a fourth bag weighing approximately 23 grams containing a greenish rock which through my training and experience appears to be fentanyl. With regard to the narcotics discovered with the firearm in the dashboard hide was one bag weighing approximately 250 grams containing a substance which field-tested positive for cocaine, a second bag with 99 orange pills weighing approximately 70 grams which through my training and experience appears to be fentanyl, and a third bag with an additional 101 orange pills weighing approximately 70 grams which through my training and experience appears to be fentanyl.

13. A review of the defendant's criminal history reveals that prior to December 15, 2021, he had been convicted of a felony offense. Among other things, the defendant had been convicted in June 2016, in the Plymouth Superior Court of possession of a firearm without a license and sentenced to a period of incarceration of three years to three years and one day.

## CONCLUSION

14. Based on the information set out above, I believe probable cause exists to conclude that on or about December 15, 2021, Rahiym Mervin, having been convicted of a crime with a punishment of greater than one year, did possess a firearm and ammunition, to wit a Sarsilmaz SAR9 9x19 handgun with serial number T1102-21BV63893, and 34 rounds of

9mm ammunition, in violation of 18 U.S.C. §922(g), and did possess fentanyl, heroin, and cocaine with intent to distribute those substances, in violation of 18 U.S.C. §841(a).

JOHN P. CHRISTENSEN
Special Agent
Bureau of Alcohol, Tobacco,
Firearms, and Explosives

Subscribed and sworn telephonically before me in accordance with Fed. R. Crim. P. 4.1 this 25th day of February, 2022.

The Hon. Jennifer C. Boal
United States Magistrate Judge